No. 2821

Second Circuit

ECTOR v. KAHN

(July 1, 1929. Opinion and Decree.)

Galloway & Johnson, of Shreveport, attorneys for plaintiff, appellee.

282

Long & McSween, and R. J. O'Neal, of Shreveport, attorneys for defendant, appellant.

ODOM, J. Only questions of fact are involved in this case. The record is made up of a mass of details, figures and calculations. Our brother of the district bench wrote an exhaustive opinion in which he concisely stated the issues involved and with great labor and precision has discussed the facts, and has stated his reasons for allowing each credit or debit, as the case may be. We quote the following from that opinion:

"In 1923, the defendant conceived the idea of erecting a "White Way" along Travis Street from Spring Street to Common Street, the expense of same to be borne by the abutting property owners on a front-foot basis. The services of plaintiff were secured by defendant for the purpose of assisting in this work, plaintiff alleging that he was to receive, under a verbal agreement with the defendant, as compensation for his work one-third of the net profits derived by Mr. Kahn, and the present suit is brought by plaintiff to recover this one-third of the net profits less a certain amount which plaintiff admits was paid him.

"The defendant admits there was an agreement between them, but alleges that plaintiff was to receive · not one-third of the net profits, but was to receive one-fourth of the net profits; that in the month of April, 1924, a settlement was had between plaintiff and defendant by which the defendant paid the plaintiff the sum of $250.00, making a total payment to plaintiff of $725.00 in full settlement of any and all claims that the plaintiff had under the original agreement; that this was done with the understanding that plaintiff would continue to assist defendant in carrying out the project.

"Plaintiff swears in his testimony that the agreement was for one-third of the net profits; the defendant swears that the agreement was for one-fourth of the net profits. Only one other witness testi-fied on this point, and that witness is Mr. J. A. Curtis, who testifies positively that Mr. Kahn told him that the agreement was for one-third of the profits. Under this testimony, the preponderance is with the plaintiff, and we must hold that the plaintiff has proven that the original contract was for one-third of the net profits.

"The burden of proving a settlement and release plainly rests upon the defendant. Mr. Kahn testifies that the payment of $250.00 was in full and complete settlement of everything the plaintiff had coming to him, while Mr. Ector flatly denies this, so defendant has failed to prove a settlement with the plaintiff.

"Next, taking up the amount of gross receipts, we find that the following items have been fully proven, either as admissions, made by Mr. Kahn upon the witness stand, or as admissions taken in connection with the other evidence filed in the case, to-wit: * * *"

He then sets forth in detail forty-nine items of receipts aggregating $9,747.50.

Then, taking up the items of expense properly chargeable to the contract, he finds the total of them to be $5,550.90, and he says:

"* * * Deducting this amount from the receipts, we find the net profit to be $4,196.60, of which amount Mr. Ector was entitled to one-third or $1,398.86. He has already received the sum of $838.50 and is therefore entitled to judgment for $560.36 * * *"

Counsel for appellant has not pointed out any error in the conclusion reached by the district judge, but, on the contrary, practically admits that the judgment is correct. Counsel for appellee asks that the judgment be amended so as to increase the award from $560.36 to $787.07. He has not pointed out sufficient reasons why this should be done.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both courts.